STOKER, Judge.
This is an action by plaintiffs to rescind several acts of donation inter vivos on the ground that they intended to give the property by last will and testament rather than by donation. The trial court ruled in favor of the plaintiffs and rescinded the donations. Defendants have appealed.
Petitioners’ initial petition was grounded on the allegation that they were deceived and misled into believing that the various acts of donation presented to them were wills and did not represent their true intentions. By an amending petition the plaintiffs alleged that the acts were not valid as donations inasmuch as they were not in proper and legal form to effect donations. The trial court found for the plaintiffs on both points. We do not reach the question of validity of form as we agree that the parties intended to execute a will or wills rather than make donations inter vivos.
The property involved is immovable property in Louisiana lying partly in St. Landry Parish and partly in Acadia Parish. This necessitated two sets of instruments. The property is described -in footnote one below.[1]
The plaintiffs are George T. Tweedel and his wife Lillian Fontenot Tweedel. One of the defendants, Hester Tweedel Brasseaux, is the niece of Mr. Tweedel. The other defendants are the husband of Hester, El- *1306 rick Brasseaux, and their children, Charles, Charlene and Larry Dale.
Mr. Tweedel advised his niece that he and his wife desired to leave the property to her at their death. The Tweedels lived in China, Texas, and the Brasseauxs lived in Louisiana. Apparently, Mr. Tweedel left it up to Mrs. Brasseaux to engage an attorney to prepare the legal instruments for the contemplated wills. She engaged an Opelousas law firm consisting of Mr. A. Veazey Pavy and Mr. Albert J. Boudreaux. At the time of trial, Mr. Pavy was deceased but Mr. Boudreaux testified. The Tweedels were not represented by counsel of their own during the confection and execution of the documents.
Instead of preparing a last will and testament for each of the plaintiffs Mr. Bou-dreaux prepared acts of donations inter vi-vos to be executed in Louisiana by the defendants and in Texas by the plaintiffs. Besides Mrs. Hester Tweedel Brasseaux, her husband and three children were listed as donees. Three separate donations were prepared, each to convey a one-third undivided interest in the property. Double sets were prepared to facilitate recording in the two parishes in which the land was located. On the face of the documents one set, conveying a one-third interest, was signed by defendants in Louisiana in St. Landry Parish on December 30,1977, and by the plaintiffs on the same day in Jefferson County, Texas. These two instruments were recorded in St. Landry and Acadia Parishes on the same date.
A second set of donations, conveying an additional one-third interest in the property, purport to have been signed by the plaintiffs in Texas on January 2, 1978, and by the defendants in Louisiana on January 3, 1978. The recordations were made on January 3 and 4, 1978. The remaining one-third interest purports to have been conveyed in an act of donation signed by the plaintiffs in Texas on January 6, 1979, and by the plaintiffs in Louisiana on January 8, 1979. The recordations were made on January 8 and 9, 1979.
The explanation given at trial by the defendants for conveying one-third interests in the property in three separate years was the assumption that gift or inheritance taxes could be avoided in this manner. It is not at all clear who suggested this procedure. Mr. Boudreaux’s testimony does not provide an answer to this question. See especially Mr. Boudreaux’s testimony at Tr. 215 and 216-218. It is also not certain that either Mr. Pavy or Mr. Boudreaux ever explained to the Tweedels the legal effect of the documents prepared, particularly that the donations, if accepted, effected an immediate transfer of the interests contrary to the effect of a bequest in a will or donation mortis causa. The donations contain language purporting to constitute a donation by the defendants back to plaintiffs of a “lifetime usufruct” of the fractional interest affected by each donation. Mr. Boudreaux testified that he thought his partner, Mr. Pavy, called Mr. Tweedel by phone. It is clear that Mr. Boudreaux is not certain of this fact. Tr. 202 and 203. In any event, Mr. Boudreaux does not know what was said by either Pavy or Tweedel in the event a conversation was held. Mr. Tweedel denies he was advised of the nature and effect of the documents brought to him by his niece.
Appellants contended that Mr. Tweedel should be deemed to have read and understood the documents. They note that Mr. Tweedel admitted that he had approximately one million dollars on deposit in various banks. Appellants suggest that Mr. Twee-del could not have amassed such a fortune without possessing exceptional business acumen and judgment. Mr. Tweedel may possess these abilities, but mere possession of wealth does not necessarily prove it. Moreover, Mr. Tweedel was elderly at the time and his eyesight was quite poor. In any event, without expert legal advice, we doubt that a reasonably competent business person could have appreciated the legal effect of the documents in question. The fact that the donation purports to have been effected in three phases (over three years) would not have necessarily alerted the Tweedels to the fact that their intentions *1307 were not being carried out. Likewise, it did not in fact impress the Brasseauxs for they thought they received no present interest. All the Brasseauxs thought was accomplished was that the gifts were irrevocable and the three phase approach saved gift or inheritance taxes.
Mrs. Brasseaux candidly admits that her uncle, Mr. Tweedel, instructed her to prepare wills. Furthermore, Mrs. Brasseaux was of the clear impression that the instruments did constitute wills. In addition it was her understanding that title to the property would not pass to her and her family until the death of Mr. and Mrs. Tweedel. In fact, when La Belle Petroleum, Inc. sought a mineral lease from defendants, they first refused to grant a mineral lease on the property under the belief that they did not yet own it because the Tweedels were still alive. Later they were persuaded to grant a mineral lease to La Belle Petroleum, Inc. At some time after the final donation the Tweedels attempted to sell some of the land in question and were advised that they no longer had clear title to the property.
The testimony of the other defendants is somewhat different from that of Mrs. Bras-seaux. While they maintain that donations rather than wills were intended, it is clear that they did not know the difference between the two kinds of legal acts. ■ The only distinction they could make was that a donation could not be revoked but that a will could be revoked. Each believed they would have no right or interest in the property as long as the Tweedels were alive.
The Texas witnesses to the documents and notary testified but their testimony was not particularly persuasive on the issue of intention. Considering all the testimony and evidence, we conclude that the trial court was not clearly wrong in its conclusion that neither plaintiffs nor defendants intended to make donations inter vivos. Therefore, even if the donations were in proper form and validly executed, it is our opinion that the transactions should be rescinded under Articles 1881 and 1882 of the Louisiana Civil Code. These articles provide:
“Art. 1881. Engagements made through error, violence, fraud or menace, are not absolutely null, but are voidable by the parties, who have contracted under the influence of such error, fraud, violence or menace, or by the representatives of such parties.”
“Art. 1882. They may be avoided either by exception to suits brought on such contracts, or by an action brought for that purpose.”
Plaintiffs have convincingly shown that they signed the contract through error and there is ample evidence upon which the trial court could conclude that the defendants acted in error. It appears to us that the error was mutual insofar as the principal object of the contract was concerned. We base our opinion entirely on error and not on fraud or intent to deceive. Article 1881 mentions error as one of the causes for rescission of a contract. Moreover, under Articles 1841 through 1845 of the Louisiana Civil Code the acts of donations may be deemed void to begin with.
For the foregoing reasons the judgment in favor of plaintiffs against defendants is affirmed. The costs of this appeal are assessed to defendants-appellants.
AFFIRMED.

. The property involved in this case is described as follows:
“A certain tract of land with all buildings and improvements thereon, situated in part in the Parish of St. Landry and in part in the Parish of Acadia and lying on the east side of Bayou Plaquemine containing one hundred twenty-six (126) acres, more or less, and bounded, now or formerly, as follows: North by land of Placide and Gustave Thibodeaux; South by Anaclet and Theogene Richard; East by Theodule Richard and West by Bayou Plaquemine.”